UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CHRIS REMMES,

                    Plaintiff,

                                                                                    05 CIV. 9940 (JSR)

    -against-

                                                                                       (ECF CASE)
                                                                                       COMPLAINT
                                                                                       and DEMAND FOR
PAUL CHAPMAN, JAMES O'SULLIVAN,               JURY TRIAL
THE CITY OF NEW YORK, and JOHN or
JANE DOE 1-5.

                    Defendants.
------------------------------------------------------------X

## INTRODUCTORY STATEMENT

1.      The plaintiff, Chris Remmes, brings this action under 42 U.S.C. § 1983 seeking declaratory relief, compensatory and punitive damages, and attorney's fees under 42 U.S.C. § 1988 for the defendants' violation of his rights afforded by the United States Constitution and the laws of the State of New York.

2.      Defendants, as a part of an unconstitutional plan to suppress dissent at the 2004 Republican National Convention ("RNC"), falsely arrested plaintiff without just and probable cause, and in effecting that arrest, used excessive and unlawful force, causing her physical pain, injury, and emotional suffering; and maliciously prosecuted plaintiff without probable cause.

## JURISDICTION AND VENUE

3.      The Court has jurisdiction over plaintiff's claims under 42 U.S.C. § 1983, pursuant to 28 U.S.C. §§ 1331 and 1343(3).

4.      Venue is proper in the Southern District for New York, pursuant to 28 U.S.C. § 1391(b),

because the incidents complained of occurred within this district.

## PARTIES

5. The plaintiff is a citizen of the United States and a college student in Amherst, Massachusetts. Her domicile is in Connecticut.

6. Defendant, Paul Chapman, sued herein in his individual capacity, was at all times hereinafter mentioned employed by the City of New York as a police officer.

7. Defendant, James O'Sullivan, sued herein in his individual capacity, was at all times hereinafter mentioned employed by the City of New York as a Lieutenant in the New York City Police Department.

8. Defendant, City of New York (NYC or The City) is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York. At all times relevant hereto, the City, acting through the New York City Police Department (NYPD), was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, and conduct of all NYPD personnel, including the defendants referenced herein. In addition, at all relevant times, defendant NYC was responsible for enforcing the rules of the NYPD, and for ensuring that the NYPD personnel obey the laws of the United States and of the State of New York.

9. The "John or Jane Doe" Defendants who are unnamed NYPD officers, whose actual names Plaintiff has been unable to ascertain notwithstanding reasonable efforts to do so, but who are sued herein by the fictitious designations John or Jane Doe, were police officers of the NYPD, acting in the capacity of agents, servants, and employees of the City, and within the scope of their employment as such. sued herein in their individual capacities, were, at all times hereafter

mentioned, employed by NYC as NYPD officers.

10. All defendants, either personally or by and through their employees, were at all times material to this incident, acting under color of state law, to wit, under color of the statutes, ordinances, customs, policies and/or practices of the State of New York and/or the City of New York, and the employees of defendant City of New York were also acting within the scope of and in furtherance of their employment.

11. At all times material to this complaint, the defendants acted jointly and in concert with each other. Each defendant had the opportunity and the duty to protect the plaintiff from the unlawful actions of the other defendants but each defendant failed and refused to perform such duty, thereby proximately causing the plaintiff's injuries.

## FACTUAL ALLEGATIONS

12. On August 29, 2004, in the early evening hours, Plaintiff was walking along West 45th Street in Manhattan.

13. Plaintiff was a part of a large, unorganized crowd that had left a protest march against the RNC.

14. Plaintiff was walking on the sidewalk, and was not part of an organized protest or march.

15. Numerous police officers entered the crowd and arrested individuals indiscriminately. This included plainclothes officers entering the crowd and physically abusing people in an attempt to get a reaction in order to justify mass arrests.

16. Plaintiff, while trying to leave a tense area, was grabbed by the wrist by a uniformed police officer. When she asked if she was being arrested, the officer answered, "I don't know yet."

17. That officer dragged Ms. Remmes by her wrist to another location, where she was

handcuffed tightly behind her back. She was not told why she was being arrested.

18. Ms. Remmes was not violating any laws when she was arrested, but was only trying to leave the area.

19. Plaintiff did not fight back or in any way resist her unlawful arrest.

20. Upon information and belief, Defendant City of New York instituted a policy and practice of attempting to suppress lawful dissent during the RNC by arresting people without probable cause.

21. Upon information and belief, Defendant City of New York instituted a policy and practice of arresting individuals without probable cause in order to clear the streets and sidewalks of individuals deemed undesirable to be in the area of the RNC.

22. Ms. Remmes was falsely charged with Resisting Arrest, a misdemeanor, along with Disorderly Conduct and Parading Without a Permit, both violations.

23. The arresting officer listed on her criminal court complaint is Defendant Paul Chapman.

24. Plaintiff is not certain if Defendant Chapman is the officer who arrested her in the crowd, since, upon information and belief, Defendant City of New York had instituted an unconstitutional policy, during the RNC, of assigning one police officer to sign all of the complaints for arrests in a given area, despite the fact that that police officer had no knowledge of the allegations in those complaints.

25. After being arrested, Ms. Remmes was handcuffed with her hands behind her back. Those handcuffs were maliciously and sadistically made very tight, causing Ms. Remmes physical injury.

26. Ms. Remmes was initially held on 45th Street, sitting on the sidewalk in a barricaded area with her hands cuffed behind her back for a period of approximately 3 hours.

27. Ms. Remmes was then brought to pier 57, where her handcuffs were finally removed. Pier

57, which was normally used for the storage of buses, was unsanitary, contaminated with waste oil and other harmful substances, and unsafe to be used as a holding area.

28.     After a time, Ms. Remmes was handcuffed again behind her back. Those cuffs were again placed on her wrists in a cruelly tight manner. She was placed on a bus, where she was held for several more hours before being taken to Central Booking, where the corrections officer who eventually removed the handcuffs remarked that they were too tight.

29.     While on the bus, Ms. Remmes and the other arrestees were verbally abused by police officers on the bus.

30.     Ms. Remmes was held for 27 hours after her arrest before being arraigned.

31.     Upon information and belief, Ms. Remmes was held beyond the time required by law to arraign her because the Defendant City of New York implemented an unconstitutional policy and practice of detaining individuals arrested in connection with RNC protests for as long as possible in an attempt to stifle lawful protest and dissent.

32.     Upon information and belief, Ms. Remmes was arrested pursuant to the City of New York's unconstitutional policy of suppressing dissent and the lawful exercise of First Amendment rights during the RNC, and from an unconstitutional policy of arresting individuals who, because of their age, appearance, and manner of dress, were considered undesirable in areas surrounding the RNC.

33.     At arraignment, the criminal case against Ms. Remmes was adjourned until October 14, 2004 so that the People could file a corroborating affidavit, since the allegations in the complaint relating to the sole misdemeanor charge, Resisting Arrest, were made by Defendant O'Sullivan and the complaint was not signed by him. Ms. Remmes was released on her own recognizance.

34.     On October 14, 2004 Ms. Remmes appeared in criminal court. The People did not file a

corroborating affidavit, but instead moved to dismiss the misdemeanor Resisting Arrest charge. That motion was granted by the court.

35.	On December 7, 2004, Ms. Remmes appeared in criminal court once again. On that date, the remaining criminal charges were dismissed on speedy trial grounds pursuant to N.Y. Criminal Procedure Law §30.30.

<u>FIRST CAUSE OF ACTION: 42 U.S.C. § 1983</u>

36.	Plaintiff repeats and realleges each and every allegation contained in paragraphs one through 35 of this Complaint with the same force and effect as if set forth herein.

37.	As a direct and proximate result of Defendants' actions as set forth herein, Plaintiff was deprived of rights, privileges and immunities secured to her under the constitution and the laws of the United States, including, but not limited to, her rights under the First, Fourth and Fourteenth Amendments and 42 U.S.C. § 1983 to be secure in her person, to be free from the use of excessive and unreasonable force, to be free from unreasonable searches and seizures, and to be free from malicious prosecution, false arrest and false imprisonment and punishment without due process. Plaintiff was also deprived of her right to freedom of speech and her right to peaceably assemble.

38.	The Defendants acted with malice or with reckless disregard for whether Plaintiff's rights would be violated by their actions.

39.	As a result of the aforesaid violation of Plaintiff's rights, she sustained grievous personal injuries to mind and body, sustained great pain and suffering, was deprived of her liberty and made ill, and was subjected to ridicule, scorn and humiliation by those observing and/or knowing of her arrest, assault, battery and detention, and was required to appear in the New York criminal courts as an accused criminal.

40. Plaintiff seeks compensatory damages from all Defendants, as well as punitive damages from all the individual Defendants.

## SECOND CAUSE OF ACTION: *MONELL*

41. Plaintiff repeats and realleges each and every allegation contained in paragraphs one through 40 of this Complaint with the same force and effect as if set forth herein.

42. The aforesaid occurrence was due to the policy, custom and practice of Defendant City of New York and/or its supervisors and policymakers, and their willful indifference to the training, supervision, disciplining, and retention of the individual defendants, which caused a blatant violation of plaintiff's civil rights.

43. As a result of the aforesaid violation of her civil rights, the Plaintiff sustained serious personal injuries to mind and body, was rendered sick, sore, and lame, and sustained great pain and emotional suffering.

44. Because of the foregoing, the Plaintiff seeks compensatory damages from all defendants and an equal amount as punitive damages from all the individual defendants.

## JURY DEMAND

45. The plaintiff respectfully demands that this proceeding be tried by a jury.

WHEREFORE, plaintiff prays for the following relief:

1) For a declaratory judgment under 28 U.S.C. Sec. 2201 declaring that the defendants, separately and in concert, violated the plaintiff's constitutional rights; and

2) For compensatory damages against all defendants; and

3) For punitive damages against the individual defendants; and

4)     For attorney's fees and costs pursuant to 42 U.S.C. § 1988; and

5)     For such other relief as is just and proper.

DATED:     New York, New York
November 23, 2005

Respectfully submitted,

BERANBAUM MENKEN BEN-ASHER & BIERMAN LLP

By: Jason Rozger (JR8986)

80 Pine Street, 32nd Floor
New York, New York 10005
212-509-1616
212-509-8088