UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

CHRIS REMMES,

                              Plaintiff,      **ANSWER**

      -against-

PAUL CHAPMAN, JAMES O'SULLIVAN,      05 CV 9940 (KMK)
THE CITY OF NEW YORK, and JOHN or
JANE DOE 1-5,

                            Defendants
------------------------------------------------------------------X

        Defendant City of New York, by its attorney, Michael A. Cardozo, Corporation Counsel for the City of New York, for its answer to the Complaint, respectfully alleges as follows:

## INTRODUCTORY STATEMENT

        1.     Denies the allegations set forth in paragraph 1 of the Complaint, except admits that plaintiff purports to bring the action as stated therein.

        2.     Denies the allegations set forth in paragraph 2 of the Complaint.

## JURISDICTION AND VENUE

        3.     Deny the allegations set forth in paragraph 3 of the Complaint, except admits that plaintiff purports to invoke the jurisdiction of this Court.

        4.     Denies the allegations set forth in paragraph 4 of the Complaint, except admits that plaintiff purports to lay venue of this action in the Southern District of New York.

## PARTIES

5.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the Complaint.

6.     Denies the allegations set forth in paragraph 6 of the Complaint, except admits that on August 29, 2004, defendant Chapman was employed by the City of New York as a police officer.

7.     Denies the allegations set forth in paragraph 7 of the Complaint, except admits that on August 29, 2004, defendant O'Sullivan was employed by the City of New York as a Lieutenant in the New York City Police Department.

8.     Denies the allegations set forth in Paragraph 8 of the Complaint, except admits that the City of New York is a municipal corporation duly organized and operating under the laws of the State of New York and respectfully refer the Court to the appropriate enabling statute and the related laws of the State and City of New York for their content and meaning as to its responsibilities.

9.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the Complaint.

10.    The allegations set forth in paragraph 10 of the Complaint constitute a conclusion of law rather than an averment of fact, such that no response is required.

11.    Denies the allegations set forth in paragraph 11 of the Complaint,

## FACTUAL ALLEGATIONS

12.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the Complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the Complaint.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the Complaint.

15. Denies the allegations set forth in paragraph 15 of the Complaint.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the Complaint.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of the Complaint, except admits that plaintiff was handcuffed.

18. Denies the allegations set forth in paragraph 18 of the Complaint.

19. Denies the allegations set forth in paragraph 19 of the Complaint.

20. Denies the allegations set forth in paragraph 20 of the Complaint.

21. Denies the allegations set forth in paragraph 21 of the Complaint.

22. Denies the allegations set forth in paragraph 22 of the Complaint.

23. Admits the allegations set forth in paragraph 23 of the Complaint.

24. Denies the allegations set forth in paragraph 24 of the Complaint.

25. Denies the allegations set forth in paragraph 25 of the Complaint.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 26 of the Complaint.

27. Denies the allegations set forth in paragraph 27 of the Complaint, except admits that plaintiff was transported from the scene of her arrest to Pier 57.

28. Denies the allegations set forth in paragraph 28 of the Complaint, except admits that at some point in time, plaintiff was transported from Pier 57 to Central Booking.

29. Denies the allegations set forth in paragraph 29 of the Complaint.

30. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 30 of the Complaint.

31. Denies the allegations set forth in paragraph 31 of the Complaint.

32. Denies the allegations set forth in paragraph 32 of the Complaint.

33. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 33 of the Complaint.

34. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 34 of the Complaint.

35. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 35 of the Complaint.

## FIRST CAUSE OF ACTION: 42 USC § 1983

36. Repeats and realleges its responses to paragraphs 1-35 of the Complaint as if fully set forth herein.

37. Denies the allegations set forth in paragraph 37 of the Complaint.

38. Denies the allegations set forth in paragraph 38 of the Complaint.

39. Denies the allegations set forth in paragraph 39 of the Complaint.

40. Denies the allegations set forth in paragraph 40 of the Complaint.

## SECOND CAUSE OF ACTION: *MONELL*

41.   Repeats and realleges its responses to paragraphs 1-40 of the Complaint as if fully set forth herein.

42.   Denies the allegations set forth in paragraph 42 of the Complaint.

43.   Denies the allegations set forth in paragraph 43 of the Complaint.

44.   Denies the allegations set forth in paragraph 44 of the Complaint.

## JURY DEMAND

45.   No response is required to plaintiff's jury demand in paragraph 45 of the Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

46.   The Complaint fails in whole or in part to state a claim upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

47.   There was probable cause for plaintiff's arrest, detention, and/or prosecution.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

48.   This action is barred in whole or in part by the doctrines of res judicata and/or estoppel.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

49.   Punitive damages are not recoverable against the City of New York.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

50.     Defendant City of New York has not violated any rights, privileges or immunities secured to the plaintiff under the Constitution, the laws of the United States, the laws of the State of New York or any political subdivision thereof, nor has the City of New York violated any act of Congress providing for the protection of civil rights.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

51.     At all times relevant to the acts alleged in the complaint, defendants Chapman and O'Sullivan acted reasonably in the proper and lawful exercise of their discretion.  Therefore, defendant City is entitled to governmental immunity from liability.

WHEREFORE, defendant City of New York requests judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court deems just and proper.

Dated:      New York, New York
            March 10, 2006

                    MICHAEL A. CARDOZO
                    Corporation Counsel of the
                      City of New York
                    *Attorney for Defendant City of New York*
                    100 Church Street, Room 3-132
                    New York, New York 10007
                    (212) 788-8683

            By:        /S/
                    Fred M. Weiler (FW 5864)
                    Assistant Corporation Counsel

6

TO:

Jason Rozger, Esq. (via ECF)
Berenbaum Menken Ben-Asher & Bierman LLP
80 Pine Street
New York, New York 10005
*Attorney for Plaintiff*