UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

CHRIS REMMES,

                                                 Plaintiff,

-against-

PAUL CHAPMAN, JAMES O'SULLIVAN,
THE CITY OF NEW YORK, and JOHN or
JANE DOE 1-5,

                                                Defendants
------------------------------------------------------------------X

**ANSWER OF DEFENDANT OFFICERS**

05 CV 9940 (KMK)

      Defendants Paul Chapman and James O'Sullivan, by their attorney, Michael A. Cardozo, Corporation Counsel for the City of New York, for their answer to the Complaint, respectfully allege as follows:

## INTRODUCTORY STATEMENT

      1.    Deny the allegations set forth in paragraph 1 of the Complaint, except admit that plaintiff purports to bring the action as stated therein.

      2.    Deny the allegations set forth in paragraph 2 of the Complaint.

## JURISDICTION AND VENUE

      3.    Deny the allegations set forth in paragraph 3 of the Complaint, except admit that plaintiff purports to invoke the jurisdiction of this Court.

      4.    Deny the allegations set forth in paragraph 4 of the Complaint, except admit that plaintiff purports to lay venue of this action in the Southern District of New York.

## PARTIES

5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the Complaint.

6. Deny the allegations set forth in paragraph 6 of the Complaint, except admit that on August 29, 2004, defendant Chapman was employed by the City of New York as a police officer.

7. Deny the allegations set forth in paragraph 7 of the Complaint, except admit that on August 29, 2004, defendant O'Sullivan was employed by the City of New York as a Lieutenant in the New York City Police Department.

8. Deny the allegations set forth in Paragraph 8 of the Complaint, except admit that the City of New York is a municipal corporation duly organized and operating under the laws of the State of New York and respectfully refer the Court to the appropriate enabling statute and the related laws of the State and City of New York for their content and meaning as to its responsibilities.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the Complaint.

10. The allegations set forth in paragraph 10 of the Complaint constitute a conclusion of law rather than an averment of fact, such that no response is required.

11. Deny the allegations set forth in paragraph 11 of the Complaint,

## FACTUAL ALLEGATIONS

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the Complaint.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the Complaint.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the Complaint.

15. Deny the allegations set forth in paragraph 15 of the Complaint.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the Complaint.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of the Complaint, except admit that plaintiff was handcuffed.

18. Deny the allegations set forth in paragraph 18 of the Complaint.

19. Deny the allegations set forth in paragraph 19 of the Complaint.

20. Deny the allegations set forth in paragraph 20 of the Complaint.

21. Deny the allegations set forth in paragraph 21 of the Complaint.

22. Deny the allegations set forth in paragraph 22 of the Complaint.

23. Admit the allegations set forth in paragraph 23 of the Complaint.

24. Deny the allegations set forth in paragraph 24 of the Complaint.

25. Deny the allegations set forth in paragraph 25 of the Complaint.

26. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 26 of the Complaint.

27. Deny the allegations set forth in paragraph 27 of the Complaint, except admit that plaintiff was transported from the scene of her arrest to Pier 57.

28. Deny the allegations set forth in paragraph 28 of the Complaint, except admit that at some point in time, plaintiff was transported from Pier 57 to Central Booking.

29. Deny the allegations set forth in paragraph 29 of the Complaint.

30. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 30 of the Complaint.

31. Deny the allegations set forth in paragraph 31 of the Complaint.

32. Deny the allegations set forth in paragraph 32 of the Complaint.

33. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 33 of the Complaint.

34. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 34 of the Complaint.

35. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 35 of the Complaint.

## FIRST CAUSE OF ACTION: 42 USC § 1983

36. Repeat and reallege their responses to paragraphs 1-35 of the Complaint as if fully set forth herein.

37. Deny the allegations set forth in paragraph 37 of the Complaint.

38. Deny the allegations set forth in paragraph 38 of the Complaint.

39. Deny the allegations set forth in paragraph 39 of the Complaint.

40. Deny the allegations set forth in paragraph 40 of the Complaint.

## SECOND CAUSE OF ACTION: *MONELL*

41. Repeat and reallege their responses to paragraphs 1-40 of the Complaint as if fully set forth herein.

42. Deny the allegations set forth in paragraph 42 of the Complaint.

43. Deny the allegations set forth in paragraph 43 of the Complaint.

44. Deny the allegations set forth in paragraph 44 of the Complaint.

## JURY DEMAND

45. No response is required to plaintiff's jury demand in paragraph 45 of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

46. The Complaint fails in whole or in part to state a claim upon which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

47. There was probable cause for plaintiff's arrest, detention, and/or prosecution.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

48. Any and all injuries alleged in the Complaint were caused, in whole or in part, by the culpable, negligent, or intervening conduct of plaintiff and/or third parties, and were not the proximate result of any act of defendants.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

49. This action is barred in whole or in part by the doctrines of res judicata and/or estoppel.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

50. The individual defendants have not violated any clearly established constitutional or statutory rights of which a reasonable person would have known, and therefore, are entitled to qualified immunity.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

51. The amount of punitive damages against non-City defendants, if available, is limited by applicable state and federal constitutional provisions, including due process and other provisions of law.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

52. Defendants have not violated any rights, privileges or immunities secured to the plaintiff under the Constitution, the laws of the United States, the laws of the State of New York or any political subdivision thereof, nor have defendants violated any act of Congress providing for the protection of civil rights.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

53. At all times relevant to the acts alleged in the complaint, defendants acted reasonably in the proper and lawful exercise of their discretion.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

54. To the extent defendants used any force it was reasonable, necessary, and justified to accomplish their official duties and to protect their own physical safety and the physical safety of others.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

55. Plaintiff's claims are barred, in whole or in part, by their contributory or comparative negligence and assumption of risk.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

56. Plaintiff's claims are barred, in part, by their failure to comply with the conditions precedent to suit including, but not limited to, New York General Municipal Law §50-e and §50-i.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

57. Plaintiff's claims are barred, in whole or in part, by the applicable statute(s) of limitations.

WHEREFORE, answering defendants request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court deems just and proper.

Dated:     New York, New York
           March 31, 2006

                              MICHAEL A. CARDOZO
                              Corporation Counsel of the
                                City of New York
                              *Attorney for Defendant City of New York*
                              100 Church Street, Room 3-132
                              New York, New York 10007
                              (212) 788-8683

                       By:        /S/
                              Fred M. Weiler (FW 5864)
                              Assistant Corporation Counsel


TO:

Jason Rozger, Esq. (via ECF)
Berenbaum Menken Ben-Asher & Bierman LLP
80 Pine Street
New York, New York 10005
*Attorney for Plaintiff*