

**MEMO ENDORSED**

| | THE CITY OF NEW YORK | |
|---|---|---|
| MICHAEL A. CARDOZO<br>*Corporation Counsel* | **LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | FRED M. WEILER<br>*Special Federal Litigation Division*<br>TEL: 212-788-1817<br>FAX: 212-788-9776 |

November 27, 2007

**VIA FAX 212-805-7930**
Honorable James C. Francis IV
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

   Re:   Remmes v. City of New York, et al., 05 CV 9940 (RJS) (JCF)

Dear Judge Francis:

   Pursuant to the Court's direction at the recent RNC status conference, I write to update Your Honor as to whether plaintiff Remmes in the above-referenced case has appeared for deposition, and to request further relief. Defendants moved to dismiss Ms. Remmes' physical and emotional damages claims for her failure to identify, and/or execute releases for, relevant medical and mental health providers. By memo endorsement of November 8, Your Honor held that motion in abeyance, ordering that Ms. Remmes' deposition proceed (as it did on November 13) and stating that Your Honor would consider defendants' dismissal motion thereafter.

   At Ms. Remmes' deposition on November 13, she provided some signed releases for providers identified in her interrogatory responses. However, it also became clear at the deposition that there were a number of providers whom Ms. Remmes had failed to identify in her interrogatory responses. The deposition was left open pending defendants' receipt and review of medical records from providers for whom Ms. Remmes furnished releases. Nonetheless, there remain a handful of releases that Ms. Remmes agreed at her deposition to execute for providers she has not yet identified; some were signed but left blank for defendants to fill in once a provider name was given, but others were left blank and unsigned for Ms. Remmes to complete.

   It has now been two weeks since Ms. Remmes' deposition, and defendants fear that absent a court-ordered deadline for production of these names and/or releases, plaintiff's counsel will slip back into inaction and a date for her continued deposition will recede into the distance. (Indeed, the only time Mr. Rozger bothers to move this lawsuit forward is when defendants ask

the Court for some relief.) Accordingly, defendants respectfully request that the Court order plaintiff to identify relevant providers and/or execute the appropriate releases within 10 days of the date of any such order, or else face dismissal of her claims for physical injury and emotional distress. As Your Honor stated when faced with a similar application, plaintiff should be "cut no further slack" in the discovery process.

    Thank you for your time and attention.

Respectfully submitted,

Fred M. Weiler (FW-5864)

cc:    Jason Rozger, Esq. (via e-mail)

11/27/07

Application granted.
SO ORDERED.

James C. Francis IV
USMJ

2