


**MEMO ENDORSED**

THE CITY OF NEW YORK
# LAW DEPARTMENT

MICHAEL A. CARDOZO
*Corporation Counsel*

100 CHURCH STREET
NEW YORK, NY 10007

FRED M. WEILER
Assistant Corporation Counsel
Tel.: (212) 788-1817
Fax: (212) 788-9776
Email: fweiler@law.nyc.gov

May 5, 2008

**BY HAND**
The Honorable James C. Francis IV
United States Magistrate Judge
Southern District of New York
500 Pearl Street, Room 1960
New York, New York 10007

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/3/08
```

Re: ***Remmes v. Chapman, et al.***, 05 CV 9940 (RJS) (JCF)

Dear Judge Francis:

Pursuant to Rules 37(b) and 41(b) of the Federal Rules of Civil Procedure, defendants hereby move to dismiss plaintiff Christina Remmes' complaint with prejudice. As set forth more fully below, defendants seek this relief based on plaintiff's repeated failures to comply with the Court's orders as well as her continued delay in prosecuting this action.

**I.     Procedural History**

On August 9, 2006, defendants served written discovery upon plaintiff Remmes. She did not respond. On July 5, 2007, Your Honor entered an order scheduling the depositions of plaintiffs and defense witnesses in the consolidated RNC cases. (*See* Order dated July 5, 2007, annexed hereto as Exhibit A.) Ms. Remmes' deposition was ordered to be taken on August 9, 2007. On July 27, 2007, with Ms. Remmes' court-ordered deposition date fast approaching, defendants wrote to demand responses to their written discovery requests, now nearly a year overdue. Plaintiff provided no response. On August 6, 2007, defendants moved to compel responses to their discovery demands. By memo endorsement dated August 24, 2007, Your Honor ordered plaintiff to fully respond to defendants' written discovery by August 31, 2007. (*See* Order dated August 24, 2007, annexed hereto as Exhibit B.)

In the interim, on August 9, 2007, plaintiff failed to appear for her court-ordered deposition, even after defendants sent repeated reminders to plaintiff's counsel, Jason Rozger,

Esq. On September 4, 2007, having not yet received discovery responses ordered produced by August 31, defendants moved to dismiss this action on two grounds: plaintiff's failure to respond to defendants' written discovery as well as her baffling failure to appear for her own court-ordered deposition on August 9. (*See* Defendants' September 4, 2007 motion to dismiss, annexed hereto as Exhibit C). Your Honor denied defendants' motion to dismiss on September 14, 2007, instead directing defendants to choose a new deposition date for Ms. Remmes and ordering her to provide full discovery responses and releases concerning her her non-RNC arrests and medical treatment by September 28, 2007. (*See* memo endorsement dated September 14, 2007, Exhibit C, p. 2 (the "September 14th Order")). Notably, Your Honor stated in the September 14th Order that plaintiff would be "cut no further slack in the discovery process." (*Id.*) Per that order, the parties agreed upon November 13, 2007 as a new deposition date for Ms. Remmes.

On August 29, 2007, contrary to Your Honor's orders, plaintiff served incomplete responses to defendants' discovery requests. In those responses, Ms. Remmes claims that she suffered emotional distress during her RNC arrest, and that she also sustained injuries to her wrist that were treated by a physician at Hampshire College. In her written discovery responses, however, Ms. Remmes refused to identify any medical or mental health providers who treated her prior to the RNC, and did not provide a release for these treatment records. On November 5, 2007, based on plaintiff's persistent discovery failures, defendants moved to dismiss plaintiff's physical and emotional injury claims and to adjourn her Nov. 13, 2007 deposition until defendants could obtain her medical and mental health records. (*See* defendants' motion dated November 5, 2007, annexed hereto as Exhibit D (exhibits omitted)). On November 9, 2007, Your Honor ordered plaintiff's deposition to proceed as re-scheduled and stated that the Court would address dismissal following that deposition. (*See* Order dated November 9, 2007, annexed hereto as Exhibit E).

At her November 13, 2007 deposition, Ms. Remmes testified as to her physical injuries and emotional distress, and identified for the first time a dizzying array of treating physicians and mental health providers who had not previously been identified and for whom releases had never been provided. Ms. Remmes executed releases for access to some (but not all) of her treatment records, but still did not provide complete responses to defendants' discovery demands, in violation of the September 14th Order. Accordingly, on November 27, 2007, defendants requested that the Court order plaintiff to identify *all* of her providers and/or execute releases within 10 days of such an order or else face dismissal of her claims for physical injury and emotional distress. Plaintiff did not oppose this motion. Your Honor granted defendants' request that same day, ordering plaintiff Remmes to produce these releases by December 7, 2007 or else have her claims for physical injury and emotional distress dismissed. (*See* Order dated November 27, 2007 ("November 27 Order"), annexed hereto as Exhibit F).

Ms. Remmes failed to comply with Your Honor's order and did not produce the ordered releases. Defendants then moved for dismissal of this action, or in the alternative for dismissal of her claims for physical injury and emotional distress, as a sanction for her noncompliance with the November 27 Order. This motion was, again, unopposed. Your Honor granted defendants' motion, dismissing plaintiff's claims for physical injury and emotional distress. (*See* Order dated December 17, 2007, annexed hereto as Exhibit G).

2

On January 22, 2008, defendants moved to compel production by plaintiff Remmes of (a) all available documentation of her economic and special damages, (b) a notarized/signed verification of her interrogatory responses, (c) all e-mails sent and received by plaintiff from her Yahoo e-mail account about the RNC or her two RNC arrests, and (d) a copy of a monologue that she wrote about her two RNC arrests. Once again, this motion went unopposed. By order dated March 19, 2008, the Court granted defendants' motion and directed plaintiff to produce these items by March 29, 2008. (*See* Order dated March 19, 2008, annexed hereto as Exhibit H).

Plaintiff has failed to comply with this Court's most recent order. In fact, plaintiff has produced *nothing* in response to that order.

## II. The Court Should Dismiss This Action Pursuant to FRCP 41 and 37(b)(2) For Failure To Prosecute

The Federal Rules provide that a defendant may move to dismiss any action against it for failure of a plaintiff to prosecute or to comply with any order of the court. F.R.C.P. 41(b). Likewise, F.R.C.P. 37(b) provides for dismissal of a plaintiff's action as a sanction for failing to obey discovery orders. F.R.C.P. 37(b)(2)(A)(v). Failure to prosecute "can evidence itself in an action lying dormant with no significant activity to move it or in a pattern of dilatory tactics." Lyell Theatre Corp. v. Loew's Corp., 682 F.2d 37, 42 (2d Cir. 1982). "The primary rationale underlying a dismissal under [F.R.C.P.] 41(b) is the failure of plaintiff in his duty to process his case diligently," and "[p]rejudice to defendants resulting from unreasonable delay may be presumed." 682 F.2d at 43.

To determine whether a dismissal under F.R.C.P. 41(b) is warranted, courts consider five factors; (1) the duration of the plaintiff's failure to comply with court orders; (2) whether plaintiff had received notice that failure to comply with the court's orders would result in dismissal; (3) whether defendants are likely to be prejudiced by further delay; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and (5) whether the court has adequately considered a sanction less drastic than dismissal. Shannon v. GE, 186 F.3d 186, 193-94 (2d Cir. 1999); Dodson v. Runyon, 957 F.Supp. 465, 469 (2d Cir. 1997). No single factor is dispositive. Shannon, 186 F.3d at 194; Samman v. Conyers, 231 F.R.D. 163, 165 (S.D.N.Y. 2005). This five-factor test for F.R.C.P. 41(b) is the same for a motion to dismiss made pursuant to F.R.C.P. 37(b)(2). Spencer v. Doe, 139 F.3d 107, 112-113 (2d Cir. 1998); Abreu v. City of New York, 208 F.R.D. 526, 529 (S.D.N.Y. 2002).

As set forth more fully below, under this analytical framework (the "Shannon test"), plaintiff Remmes' repeated disobedience of the Court's orders and her failure to prosecute this action warrants the dismissal of her claims in their entirety. In general terms, plaintiff Remmes has made only *pro forma* attempt at prosecuting this action, and has shown little to no interest in either litigating or settling it. Plaintiff has only filed a complaint, served inadequate and extremely belated responses to defendants' discovery requests (and only following court orders to do so), and appeared belatedly for a court-ordered deposition. Plaintiff has never noticed or taken the deposition of either of the two defendant officers in this action; did not even attend

3

defendant James O'Sullivan's deposition when the Lieutenant was produced for his court-ordered RNC deposition; has never to defendants' knowledge attended an RNC status conference before Your Honor; and has never meaningfully responded to defendants' attempts at settlement discussions. Plaintiff has also failed to oppose the last three motions defendants have made in this action.

With respect to the first factor of the Shannon test, the duration of failure to comply with court orders, Ms. Remmes has disobeyed orders of this Court on *four separate occasions*. First, the Court ordered Ms. Remmes to appear for deposition on August 9, 2007, which she failed to do. Second, the Court ordered Ms. Remmes to identify relevant providers and provide releases by September 28, 2007, which she failed to do. Third, the Court again ordered Remmes to identify providers and provide releases, this time by December 7, 2007, which she failed to do (resulting in dismissal of her various injury claims), and has still has not done. Fourth, the Court ordered Ms. Remmes to produce certain discovery items by March 29, 2008, which she failed to do and still has not done. Taken together, these repeated failures to comply with Your Honor's orders warrant dismissal of this action under either F.R.C.P. 41(b) or 37(b)(2)(A)(v). *See, e.g.*, Masi v. Steely, 242 F.R.D. 278, 285 (S.D.N.Y. 2007) (dismissal appropriate when "plaintiff has flouted five court orders to comply with his discovery obligations").

With respect to the second and fifth prongs of the Shannon – notice to plaintiff and the propriety of a sanction other than dismissal – these factors weigh in favor of dismissal as well. Your Honor notified Ms. Remmes in September 2007 that she would be "cut no further slack in the discovery process," and dismissed her physical and emotional injury claims as a sanction for her failure to cooperate in discovery. (*See* Exh. D, p. 2). The Court has imposed progressively severe sanctions with plaintiff's disobedience of each of the four orders described above, yet each sanction short of dismissal of her entire action has failed to make any impact upon plaintiff. Most recently, defendants, frustrated by Mr. Rozger's nonresponsiveness, notified him that they would be making the instant motion to dismiss unless Mr. Rozger communicated with defendants regarding either possible settlement or continued prosecution of this action – and even *then,* defendants have received no response. (*See* E-mail from Fred Weiler, Esq. to Jason Rozger, Esq. dated March 20, 2008, annexed hereto as Exhibit I.)

The fourth factor of the Shannon test, which weighs the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, also favors dismissal. Plaintiff has done so little to litigate her case that defendants have had to repeatedly seek court intervention in order to move this action forward at all. *See, e.g.*, Samman v. Conyers, 231 F.R.D. 163, 165 (S.D.N.Y. 2005) ("[p]laintiff has not only done nothing to advance the discovery process, he has also failed to cooperate with defendants' efforts to advance the discovery process, which were made despite the fact that the duty to diligently prosecute belongs to the plaintiff, not the defendant"). As in Your Honor's recent decision in Villena v. Oquendo, 2008 U.S. Dist. LEXIS 24143 (S.D.N.Y Mar. 27, 2008) (JCF), Ms. Remmes "has consistently delayed litigation of [her] claim" and "there is no end in sight to the current delay." 2008 U.S. Dist. LEXIS 24143 at *5; *accord*, Melecio v. Capt. Daniels #522, 2006 U.S. Dist. LEXIS 9174, *7 (S.D.N.Y. Feb. 16, 2006) (JCF). Under the circumstances, defendants submit that plaintiff has demonstrated little to no interest in proving her claims, and that the Court's interest in managing its docket of over 500 RNC claims warrants dismissal.

4

With respect to third prong of the Shannon test, prejudice to defendants should plaintiff's delays continue, defendants have been and continue to be prejudiced by plaintiff's failure to comply with the Court's orders. Defendants were entitled to the factual material ordered by the Court *before* plaintiff gave her deposition, so that defendants could examine plaintiff with respect to those documents. Your Honor has recently indicated that with certain exceptions fact discovery is closed in the consolidated RNC cases – and indeed, the Case Management Order in this case sets a fact discovery deadline of June 1, 2007. Thus, if plaintiff belatedly produces these documents, defendants cannot re-depose her about them and properly defend this action. To excuse plaintiff's delays here "would be to ignore the fact that when delays are multiplied over and over for one reason or another in one case after another . . . the net result is the build-up of a paralyzing backlog of pending cases." Peart v. City of New York, 992 F.2d 458, 462 (2d Cir. 1993).

For the foregoing reasons, defendants respectfully request, pursuant to F.R.C.P 41(b) and 37(b)(2)(A)(v), that Ms. Remmes's complaint be dismissed with prejudice.

Respectfully submitted,

Fred M. Weiler (FW-5864)

cc: Jason Rozger, Esq. (via e-mail)

6/3/08

Application denied. Plaintiff's counsel has represented that plaintiff does not possess the documents at issue, and plaintiff has apparently now submitted verification of her interrogatory answers.

SO ORDERED.

James C. Francis IV
USMJ

5